10CV018887

# STATE OF NORTH CAROLINA

WAKE County

File No.

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name Of Plaintiff |
|---|
| KB Home Raleigh-Durham Inc., c/o Michael W. Knapp |
| Address |
| 100 N. Tryon Street, Suite 2690 |
| City, State, Zip |
| Charlotte, North Carolina 28202 |

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

**VERSUS**

| Name Of Defendant(s) |
|---|
| Liberty Mutual Fire Insurance Company |

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Liberty Mutual Fire Insurance Company<br>c/o Corporation Service Company, Registered Agent<br>327 Hillsborough Street<br>Raleigh, North Carolina 27603 | |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | ☐ AM ☐ PM |
|---|---|---|---|
| Michael W. Knapp<br>Bradley Arant Boult Cummings LLP<br>100 N Tryon Street, Suite 2690<br>Charlotte, North Carolina 28202 | Signature | | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)



EXHIBIT 1

Case 5:10-cv-00573-D   Document 1-1   Filed 12/14/10   Page 1 of 17

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF WAKE | SUPERIOR COURT DIVISION<br>10-CVD 2010 NOV -9 PM 4:01 |
| KB HOME RALEIGH-DURHAM INC., | WAKE COUNTY, C.S.C. |
| Plaintiff, | BY_____ |
| vs. | **COMPLAINT** |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff KB Home Raleigh-Durham Inc. ("KB HOME") complaining of the Defendant Liberty Mutual Fire Insurance Company ("LIBERTY MUTUAL"), states the following claims for relief:

### PARTIES, JURISDICTION and VENUE

1. Plaintiff KB HOME is a Delaware corporation having its principal office and place of business in Wake County, Raleigh, North Carolina.

2. Upon information and belief, Defendant LIBERTY MUTUAL is a corporation formed pursuant to the laws of the Commonwealth of Massachusetts and is an insurance company registered with the North Carolina Department of Insurance and lawfully conducting business in North Carolina.

3. This Court has jurisdiction over the subject matter and the parties to this action.

4. Venue is proper in this Court pursuant to North Carolina General Statutes Sections 1-76 and 1-82.

## FACTUAL BACKGROUND

### *(1)  The KB HOME/Stock Subcontract*

5.  On or about December 4, 2004, KB HOME and Stock Building Supply, LLC ("Stock") entered into a Subcontract Agreement (the "Subcontract") for the supply of materials and performance of certain work on various communities within North Carolina (the "Work").

6.  Pursuant to the Subcontract, Stock promised among other things to provide its Work as required by the plans and specifications, regulatory and statutory requirements and generally accepted principles.

7.  Pursuant to its obligations under the Subcontract, Stock instructed its liability insurer, LIBERTY MUTUAL, to add KB HOME as an additional insured on its Commercial General Liability Insurance Policies, bearing Policy Numbers RG2-C51-004344-034, RG2-C51-004344-035, and RG2-C51-004344-036 (the "LIBERTY MUTUAL Policies").

8.  The LIBERTY MUTUAL Policies provided coverage to KB HOME as an additional insured with respect to liability arising out of Stock's Work under the Subcontract.

9.  The LIBERTY MUTUAL Policies further obligated LIBERTY MUTUAL, without limitation, to defend KB HOME from and against any suit seeking damages within the coverage of said Policies.

### *(2)  The Elliott Litigation*

10. On or about December 5, 2008, Plaintiffs filed a class action Complaint in the Wake County Superior Court, Case No. 08-CV-21190 (the "Elliott Action"), alleging

2

causes of action for breach of contract, breach of express warranties, breach of implied warranties, negligence, negligence per se, unfair and deceptive trade practices and negligent misrepresentation as a result of the improper installation of Hardie Plank siding on the Plaintiffs' homes, which was supplied and installed by Stock.

11. Within the Complaint, Plaintiffs allege that due to the failure to install a weather resistant barrier beneath the Hardie Plank siding on Plaintiffs' and Class Members' homes, which was part of Stock's Work, Plaintiffs and Class Members have suffered damages.

12. In the Elliott Action, Plaintiffs attempt to hold KB HOME liable, at least in part, for work, labor and materials provided by Stock pursuant to the Subcontract.

13. Some of the claims asserted by Plaintiffs against KB HOME arose out of Stock's work under the Subcontract, and Stock was therefore contractually obligated to defend and indemnify KB HOME in the Elliott Action.

14. Under the LIBERTY MUTUAL Policies, LIBERTY MUTUAL was obligated to defend and indemnify KB HOME in the Elliott Action.

15. LIBERTY MUTUAL has ignored KB HOME's repeated requests for defense and indemnity in the Elliott Action and thus wrongfully refused to honor the terms of the LIBERTY MUTUAL Policies.

*(3)* *Notice of the Elliott Litigation to Stock and LIBERTY MUTUAL*

16. On May 26, 2009, KB HOME, by and through its counsel, sent a letter to Stock demanding that Stock and its insurance carriers defend and indemnify KB HOME from and against the claims asserted against it in the Elliott Action, pursuant to the terms of the Subcontract and the LIBERTY MUTUAL Policies.

17. Upon information and belief, Stock notified LIBERTY MUTUAL of the Elliott Action and KB HOME's demand for defense and indemnification.

18. To date, Stock has ignored and refused KB HOME's demand for defense and indemnification in the Elliott Action.

19. On June 2, 2009, KB HOME, by and through its counsel, sent a letter to Marsh USA Inc., broker for the LIBERTY MUTUAL policies, advising Marsh USA Inc., that KB HOME had demanded defense and indemnification from Stock with respect to the Elliott Action, and again demanding defense and indemnification from LIBERTY MUTUAL pursuant to the LIBERTY MUTUAL Policies.

20. On November 20, 2009, KB HOME, by and through its counsel, sent another letter advising LIBERTY MUTUAL that KB HOME had demanded defense and indemnification from Stock with respect to the Elliott Action, and again demanding defense and indemnification from LIBERTY MUTUAL pursuant to the LIBERTY MUTUAL Policies.

21. LIBERTY MUTUAL at all relevant times knew or had reason to know that Elliott was attempting to hold KB HOME liable, at least in part, for the alleged conduct of Stock in connection with its performance under the Subcontract.

*(4) LIBERTY MUTUAL's Failure to Properly Handle KB HOME's Claim for Defense and Indemnification*

22. LIBERTY MUTUAL never responded to KB HOME's demands for defense and indemnification in the Elliott Action.

23. LIBERTY MUTUAL never agreed or undertook to defend KB HOME in the Elliott Litigation.

4

24. Upon information and belief, LIBERTY MUTUAL failed to make even a cursory investigation of KB HOME's claim for defense and indemnity under the LIBERTY MUTUAL Policies.

25. LIBERTY MUTUAL failed to handle and respond to KB HOME's claim for defense and indemnification in accordance with the accepted standard of care in the insurance industry and the laws of North Carolina.

26. Despite KB HOME's tender of defense and demand for indemnity with respect to the claims asserted against KB HOME in the Elliott Action, LIBERTY MUTUAL has wrongfully refused to defend KB HOME, in flagrant violation of their respective obligations under the LIBERTY MUTUAL Policies.

### First Claim for Relief - Breach of Contract

27. KB HOME incorporates and realleges paragraphs 1 through 25 hereof as though fully set forth herein.

28. The LIBERTY MUTUAL Policies constitute binding and enforceable contracts between LIBERTY MUTUAL and KB HOME.

29. LIBERTY MUTUAL was obligated under the LIBERTY MUTUAL Policies to defend and indemnify KB HOME with respect to the claims made against KB HOME in the Elliott Action arising out of Stock's work under the Subcontract.

30. LIBERTY MUTUAL wrongfully failed to defend and indemnify KB HOME with respect to the Elliott Action, in violation of its obligations under the LIBERTY MUTUAL Policies.

5

31. As a result of LIBERTY MUTUAL's breach of its contractual obligations under the LIBERTY MUTUAL Policies, KB HOME has been damaged in an amount in excess of $10,000.00.

### Second Claim for Relief - Declaratory Relief
### re: Duty to Defend and Indemnify

32. KB HOME incorporates and realleges paragraphs 1 through 30 hereof as though fully set forth herein.

33. The LIBERTY MUTUAL Policies provided coverage to KB HOME as an additional insured with respect to liability arising out of Stock's work under the Subcontract.

34. The LIBERTY MUTUAL Policies further obligated LIBERTY MUTUAL, without limitation, to defend any suit seeking damages and indemnification within the coverage of said Policies, including the claims asserted against KB HOME in the Elliott Action.

35. LIBERTY MUTUAL had a duty to defend and indemnify against any claims made against KB HOME pursuant to the Subcontract and as a result of the assertion of a claim and/or loss arising out of the work of Stock. KB HOME had a legal right to be provided a defense and indemnity by Stock and LIBERTY MUTUAL in the Elliott Action.

36. KB HOME tendered the defense of the Elliott Action to and LIBERTY MUTUAL. LIBERTY MUTUAL ignored and failed to respond to KB HOME's demand.

37. A dispute has arisen and an actual controversy now exists among KB HOME and LIBERTY MUTUAL, in that KB HOME contends that it is entitled to a defense and indemnity from LIBERTY MUTUAL with respect to the claims asserted

against KB HOME in the Elliott Action, while LIBERTY MUTUAL denies such obligations under the LIBERTY MUTUAL Policies.

38. KB HOME hereby seeks a declaration from this Court as to the duties of LIBERTY MUTUAL under the LIBERTY MUTUAL Policies to defend and indemnify KB HOME in the Elliott Action, and KB HOME seeks judgment declaring that LIBERTY MUTUAL is contractually obligated to defend and indemnify KB HOME from and against the claims asserted against it in the Elliott Action.

### Third Claim for Relief – Bad Faith Refusal to Investigate and Honor KB HOME's valid Claim

39. KB HOME incorporates and realleges paragraphs 1 through 37 hereof as though fully set forth herein.

40. LIBERTY MUTUAL owed KB HOME a duty of good faith and fair dealing under the LIBERTY MUTUAL Policies and the laws of the State of North Carolina.

41. LIBERTY MUTUAL willfully failed to honor KB HOME's legitimate demands for defense and indemnity under the LIBERTY MUTUAL Policies.

42. LIBERTY MUTUAL failed to honor KB HOME's demands for defense and indemnity without any legitimate or arguable reason for such denial of coverage under the LIBERTY MUTUAL Policies. LIBERTY MUTUAL's denial of KB HOME's claim of coverage is clearly contrary to the terms of the LIBERTY MUTUAL Policies and the laws of the State of North Carolina.

43. LIBERTY MUTUAL's failure to respond to KB HOME's demands for defense and indemnity is contrary to the practices and standard of care in the industry in North Carolina.

44. LIBERTY MUTUAL's actions and inactions, in ignoring and failing to respond to KB HOME's repeated demands for defense and indemnity and in denying KB HOME's claims for coverage, were committed with gross negligence, recklessness, and in utter disregard for KB HOME's rights.

45. KB HOME is entitled to recover punitive damages and attorney's fees from LIBERTY MUTUAL as a result of LIBERTY MUTUAL's bad faith refusal to respond to KB HOME's repeated demands for defense and indemnification, and LIBERTY MUTUAL's bad faith refusal to honor KB HOME's legitimate claim for coverage and defense in the Elliott Action.

### Fifth Claim for Relief – Unfair Trade Practices

46. KB HOME realleges and incorporates by reference herein the allegations of paragraphs 1 through 44 of this Complaint.

47. LIBERTY MUTUAL's misconduct, as described above, constitutes unfair or deceptive acts or practices in or affecting commerce, in violation of N.C. Gen. Stat § 75-1.1.

48. As a direct and proximate result of LIBERTY MUTUAL's misconduct, KB HOME has been damaged in an amount in excess of $10,000.00.

49. KB HOME is entitled to recover from LIBERTY MUTUAL treble damages and reasonable attorneys' fees, pursuant to N.C. Gen. Stat §§ 75-16 and 75-16.1.

**WHEREFORE**, KB HOME prays the Court to enter judgment on this Complaint against LIBERTY MUTUAL, as follows:

1. Declaring that LIBERTY MUTUAL is obligated to defend and indemnify KB HOME from and against all claims asserted by Plaintiffs against KB HOME in the Elliott Action;

2. Awarding KB HOME compensatory damages against LIBERTY MUTUAL in an amount to be established at trial but in any event in excess of $10,000.00;

3. Awarding KB HOME punitive damages against LIBERTY MUTUAL in an amount to be established at trial but in any event in excess of $10,000.00;

4. Awarding KB HOME treble damages and reasonable attorneys' fees from LIBERTY MUTUAL pursuant to NC Gen. Stat. § § 75-16 and 75.16.1;

5. Awarding KB HOME lawful interest from LIBERTY MUTUAL on all damages awarded;

6. Taxing the costs of this action against LIBERTY MUTUAL; and

7. Awarding to KB HOME such other and further relief as the Court deems just and proper.

This the 8 day of November, 2010.

BRADLEY ARANT BOULT CUMMINGS LLP

*signature*

Michael W. Knapp, NC Bar No.: 22154
Michael C. Griffin, NC Bar No.: 31947
James W. Warmoth, NC Bar No.: 41810
100 N. Tryon St., Suite 2690
Raleigh-Durham, NC 28202
(704) 338-6000 – Telephone
(704) 332-8852 – Facsimile

*Attorneys for Plaintiff*
*KB Home Raleigh-Durham Inc.*



7009 0960 0000 5794 2868

RETURN RECEIPT

Liberty Mutual Fire Insurance Company
c/o Corporation Service Company,
Registered Agent
327 Hillsborough Street
Raleigh, North Carolina 27603

BRA...
BOULT CUMMINGS
LLP
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202

STATE OF NORTH CAROLINA　　　　IN THE GENERAL COURT OF JUSTICE
　　　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
COUNTY OF WAKE　　　　　　　　　　10-CVS-18887

KB HOME RALEIGH-DURHAM INC.,

　　　　Plaintiff,
v.

LIBERTY MUTUAL FIRE INSURANCE　　**AFFIDAVIT OF SERVICE**
COMPANY,

　　　　Defendants.

　　　　Michael W. Knapp, attorney of record for the Plaintiff KB Home Raleigh-Durham Inc., being first duly sworn, deposes and says:

　　　　1.　　A copy of the Summons and Complaint in the above-captioned action was addressed to the above-named Defendant, Liberty Mutual Fire Insurance Company, c/o Corporation Service Company, Registered Agent, 327 Hillsborough Street, Raleigh, North Carolina 27603, and placed in a depository of the United States Postal Service, and mailed by Certified-Mail, Return-Receipt Requested.

　　　　2.　　A copy of the Summons and Complaint was in fact received by or on behalf of Liberty Mutual Fire Insurance Company, on November 18, 2010 at the address above in Paragraph 1, as evidenced by the return receipt card attached hereto as Exhibit "A".

///
///
///
///
///
///

1/2112210.1

Dated this 3rd day of December, 2010.

          BRADLEY ARANT BOULT CUMMINGS LLP

          */s/ Michael W. Knapp*
          ───────────────────────────
          Michael W. Knapp, NC Bar No.: 22154
          100 North Tryon St., Suite 2690
          Charlotte, NC 28202
          (704) 338-6000 – Telephone
          (704) 332-8852 – Facsimile
          *Attorneys for Defendant and Third-Party Plaintiff*
          *KB Home Raleigh-Durham LLC and*
          *KB Home Raleigh-Durham Inc.*

SWORN and subscribed to before me
this the 3rd day of December, 2010.

*/s/ Jade D. Robey*
───────────────────────────
Jade D. Robey
Notary Public for Mecklenburg County, North Carolina

My commission expires: March 31, 2014

[Notary Seal: JADE D. ROBEY, NOTARY PUBLIC, MECKLENBURG COUNTY, N.C.]

-2-

1/2112210.1



| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Liberty Mutual Fire Insurance Company<br>c/o Corporation Service Company.<br>Registered Agent<br>327 Hillsborough Street<br>Raleigh, North Carolina 27603 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7009 0960 0000 5794 2868 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



EXHIBIT A

BRADLEY ARANT
BOULT CUMMINGS
LLP

BANK OF AMERICA
CORPORATE CENTER
100 North Tryon Street, Suite 2690
Charlotte, NC 28202



Liberty Mutual Fire Insurance Company
c/o Corporation Service Company
Registered Agent
327 Hillsborough Street
Raleigh, NC 27603




BRADLEY ARANT
BOULT CUMMINGS
LLP

Jade D. Robey

Direct Dial: 704-338-6011
Direct Fax: 704-332-8858
jrobey@babc.com

December 3, 2010

Wake County Clerk of Court
Wake County Courthouse
316 Fayetteville Street
Raleigh, NC 27601

    RE:    KB Home Raleigh-Durham Inc. v. Liberty Mutual Fire Insurance Company
              Wake County

Dear Clerk,

    Enclosed please find an original and two copies of the Affidavit of Service in the above-referenced matter. Please file stamp the document and return the copies to our office in the enclosed, self-addressed envelope.

    Thank you for your assistance with this matter and please do not hesitate to call me if you have any questions.

Sincerely,

Jade Robey
Assistant to Michael W. Knapp

Enclosure

1/2112268.1

Bank of America Corporate Center 100 N. Tryon Street, Suite 2690 Charlotte, NC 28202 PHONE: 704.338.6000 FAX: 704.332.8858 BABC.COM